IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>ERUEC ULTRERAS; DEBBIE ULTRERAS, n/k/a DEBBIE HERNANDEZ; UNKNOWN SPOUSE OF ERUEC ULTRERAS; and CITY OF OTTAWA, KANSAS,<br><br>                Defendants. | Civil No. 22-2280 |

## COMPLAINT

Comes now Plaintiff by and through Duston J. Slinkard, United States Attorney for the District of Kansas, and Christopher Allman, Assistant United States Attorney for this District, and for its cause of action alleges:

1. This is a civil action for foreclosure of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made in the following manner:

    (a) Defendant, Eruec Ultreras (Borrower), may be served by delivering a copy of the Summons and Complaint to him at 309 West First Street, Ottawa, Kansas 66067, in Franklin County, Kansas, within the jurisdiction of this court.

    (b) Defendant, Debbie Ultreras now known as (n/k/a) Debbie Hernandez, may be served by delivering a copy of the Summons and Complaint to her at 208 W. 4th Avenue, Emporia, Kansas, 66801-4034 in Lyon County, Kansas, within the jurisdiction of this court.

   (c)  Defendant, Unknown Spouse of Eruec Ultreras, if any, may be served by publication since her address is unknown.

   (d)  Defendant, City of Ottawa, may be served by delivering the Summons and a copy of the Complaint to the City Clerk, at City Hall, 101 South Hickory, Ottawa, Kansas 66067, in Franklin County, Kansas.

3. Defendant, Eruec Ultreras, executed and delivered to Plaintiff, United States of America, acting through the Rural Housing Service, United States Department of Agriculture, a Promissory Note on August 11, 2004, in which he promised to pay Plaintiff the principal amount of $58,500.00, together with interest thereon at the rate of 6.3750 percent per annum on the unpaid balance. As consideration for the Note, Plaintiff made a Rural Housing loan to the Defendant, Eruec Ultreras, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471 *et seq*.). A true and correct copy of the Note is attached as Exhibit A.

4. To secure the payment of the indebtedness, on August 11, 2004, Defendants, Eruec Ultreras and Debbie Ultreras n/k/a Debbie Hernandez, executed and delivered a purchase-money security interest in the form of a Real Estate Mortgage upon certain real estate located in Franklin County, Kansas, within the jurisdiction of this court, described as follows:

> LOTS 24 AND 26, BLOCK 4, DUNDEE PLACE, AN ADDITION
> TO THE CITY OF OTTAWA, FRANKLIN COUNTY, KANSAS,
> ACCORDING TO THE RECORDED PLAT THEREOF.

5. The Real Estate Mortgage was filed for record on August 12, 2004, in the Office of the Register of Deeds of Franklin County, Kansas, in Book 377 at Page 364. A true and correct copy of the Mortgage is attached as Exhibit B.

6. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the Real Estate Mortgage also secured the

recapture of interest credit or subsidy granted to Defendant, Eruec Ultreras. The total amount of interest credit or subsidy subject to recapture is $3,818.88, to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and accrued interest through the date of any judgment. The Interest Credit Subsidy Repayment Agreement, dated August 11, 2004, is attached as Exhibit C.

7. On October 1, 2011 (effective date October 11, 2007), Defendant, Eruec Ultreras, signed a Reamortization Agreement, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $63,074.97, with interest at 6.3750 percent per annum. A true and correct copy of the Reamortization Agreement is attached as Exhibit D.

8. The Plaintiff is the owner and holder of the Promissory Note, Real Estate Mortgage, Subsidy Repayment Agreement, and Reamortization Agreement as set out above, attached as Exhibits A – D.

9. Defendant, Eruec Ultreras, failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the liability and security documents set out above. Plaintiff has elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for these amounts. No payment has been received after acceleration.

10. The Defendant, Eruec Ultreras, owes principal in the amount of $63,483.87 (including unpaid principal of $51,294.44, agency title report fees of $250.00, caretaker fees of $7,745.60, appraisal of $580.00, escrow fees of $3,550.79, and late fees of $63.04) as of December 9, 2021; plus interest in the amount of $14,404.35 (including interest on principal of $13,339.97 and interest on advances of $1,064.38) accrued to December 9, 2021; plus interest accruing thereafter at the daily rate of $10.9922 (including daily interest on principal of $8.9590 and daily

interest on advances of $2.0332) per day to the date of judgment; plus administrative costs, including but not limited to lis pendens fee and title report expenses pursuant to the Promissory Note and Mortgage, plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred; plus the amount of $3,818.88 for interest credit or subsidy subject to recapture to be recovered *in rem* only.

11. No other action has been brought for the recovery of the balance due.

12. The Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq*.

13. The following Defendants may claim an interest in the real estate subject to this foreclosure:

   a. Defendant, Debbie Ultreras n/k/a Debbie Hernandez, may claim an interest as a signatory to the Mortgage referenced above and may claim a marital interest in the property.

   b. Defendant Unknown Spouse of Eruec Ultreras may claim a marital interest in the real estate that is the subject of this action.

   c. Defendant, City of Ottawa, Kansas, may claim an interest pursuant to a Notice of Weed Cutting Fees filed on October 10, 2018, in Book 287 at Page 394.

14. The indebtedness due Plaintiff is a first and prior lien on the property described above.

15. The interests of all Defendants are junior and inferior to the interests of Plaintiff.

16. Less than one-third (⅓) of the original indebtedness secured by the Mortgage was paid prior to default.

17.     The security real estate has been abandoned.

WHEREFORE, Plaintiff demands *in rem* judgment against the Mortgaged property and *in personam* judgment against Defendant, Eruec Ultreras, for principal in the amount of $63,483.87 (including unpaid principal of $51,294.44, agency title report fees of $250.00, caretaker fees of $7,745.60, appraisal of $580.00, escrow fees of $3,550.79, and late fees of $63.04) as of December 9, 2021; plus interest in the amount of $14,404.35 (including interest on principal of $13,339.97 and interest on advances of $1,064.38) accrued to December 9, 2021; plus interest accruing thereafter at the daily rate of $10.9922 (including daily interest on principal of $8.9590 and daily interest on advances of $2.0332) per day to the date of judgment; plus administrative costs, including but not limited to lis pendens fee and title report expenses pursuant to the Promissory Note and Mortgage, plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred; plus the amount of $3,818.88 for interest credit or subsidy subject to recapture to be recovered *in rem* only.

Plaintiff United States further demands that its Mortgage be declared a first and prior lien on the real property and that such advances as Plaintiff United States may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgage on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by,

through or under these Defendants be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that all legal right, title and interest which all Defendants have in the real estate be foreclosed, and the real estate be sold at public sale, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, that the period of redemption should be extinguished by this Court, pursuant to the provisions of K.S.A. § 60-2414(a), or in the alternative, subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414(m), and that the sale be subject to any unpaid real estate taxes or special assessments.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) The interest accruing on Plaintiff's *in personam* judgment against Defendant, Eruec Ultreras;

(4) Plaintiff's *in personam* judgment against Defendant, Eruec Ultreras;

(5) The interest accruing on Plaintiff's *in rem* judgment for interest credit or subsidy subject to recapture;

(6) Plaintiff's *in rem* judgment for interest credit or subsidy subject to recapture; and,

(7) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that in the event the judgment is not satisfied from the proceeds of the sale, that it be granted judgment against Defendant Eruec Ultreras for any deficiency that exists after crediting the proceeds, together with interest accruing at the legal judgment rate until paid.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov
Attorneys for the Plaintiff

**REQUEST FOR PLACE OF TRIAL**

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Kansas City, Kansas.

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney